(84 South. 520)

No. 22421.

**ALFRED HILLER CO., Limited, v. HOTEL GRUNEWALD CO., Limited.**

(April 5, 1920. Rehearing Denied May 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬅︎878(1)—**Appellee cannot urge errors in absence of cross-appeal.**

Where defendant did not appeal from the judgment which was in its favor, the appellate court can review none of its pleas and exceptions.

2. **Mechanics' liens** ⬅︎229—**Mechanics' privileges; where contract was re-signed on furnishing of bond more than seven days after first signing, owner is not liable to one furnishing materials thereafter.**

Where a contract was executed on March 6th and the contractor failed to furnish bond for protection of materialmen until March 22d, whereupon the bond was recorded and the contract re-signed under an agreement that it should be as of that date, one who thereafter furnished materials to the contractor cannot recover from the owner under Act No. 180, § 1, of 1894, on the theory that the bond was not executed and recorded within seven days after the contract was signed, for at least as to one who did not begin to furnish material until after the bond was executed and recorded, it was within the time, and this is true even though the statute should be construed according to its letter.

3. **Mechanics' liens** ⬅︎5—**Mechanics' privileges; law making owner of lands liable to materialman should be strictly construed.**

A law, as Act No. 180 of 1894, making an owner who fails to take a bond liable to materialmen for materials furnished the contractor, should be strictly construed, being in derogation of common right.

4. **Mechanics' liens** ⬅︎229—**Mechanics' privileges; though bond was not recorded in time, materialman could not recover on theory work was begun before bond was recorded.**

Though contractor's bond was not recorded within seven days after the signing of the contract, *held*, under the circumstances, that materialman not furnishing materials until after the redating of the contract and recording of bond was not, under Act No. 180 of 1894,

147 LA.—5

entitled to take advantage of the situation, on the theory work was begun before filing of the bond; even preliminary work having been ceased until furnishing of the bond.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the Alfred Hiller Company, Limited, against the Hotel Grunewald Company, Limited. From a judgment for the defendant and dismissing the warrantor, the American Bonding Company of Baltimore, called in by defendant, plaintiff appeals. Affirmed.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

W. O. Hart and John C. Davey, both of New Orleans, for appellee Hotel Grunewald Co.

Solomon Wolff, of New Orleans, for appellee American Bonding Co.

DAWKINS, J. Plaintiff seeks to recover of the Grunewald Hotel Company, Limited, for materials furnished one of the contractors employed in erecting defendant's hotel building in the city of New Orleans. The ground upon which it is sought to make the defendant liable is that it failed to record the contract and bond for the work within seven days after the same were executed, and before the work was commenced.

Certain exceptions were filed by the defendant, some of which are found in the record, and others seem to have been omitted, but all of which appear to have been overruled.

Defendant then filed a short general denial, and later supplemented the same with an amended answer calling in warranty the American Bonding Company of Baltimore, surety on the bond of the contractors, Expanded Metal Fireproofing Company, and the Northwestern Tile Company.

The warrantor excepted on the ground of vagueness, and, this being overruled, it answered, setting up that the defendant had

made material changes in the work with the contractor, without the consent of the warrantor, the bond company, and that it was the duty of the defendant to retain in its hands sufficient funds to cover claims which the contractors might owe other persons, as the law required; that it did so retain a sum more than sufficient to cover the claim of plaintiff; and that any judgment recovered by the Hiller Company, Limited, herein, should be paid out of said fund.

There was judgment in the court below in favor of defendant, and dismissing the warrantor. Plaintiff alone has appealed.

### Opinion.

[1] None of the pleas and exceptions of the defendant and warrantor are now before us, for the reason that they did not appeal, nor have they answered the appeal of the plaintiff.

### On the Merits.

On March 6, 1906, the Grunewald Hotel Company, Limited, defendant herein, entered into a builder's contract with the Expanded Metal Fireproofing Company and the Northwestern Tile Company, under which they were to "erect, finish and deliver in a true and thoroughly workmanlike manner, the concrete work, wood frames for same, water proofing, concrete foundations, reinforced concrete cinder concrete filling, pipe and drain openings, bracing of sheet piling on theater side of building," according to plans and specifications, for a consideration of $46,692. It was further stipulated in said contract as follows:

"(14) It is further agreed and understood by and between the parties hereto, that the parties of the first part (the contractors) shall within seven days from the execution of this contract cause to be executed to the party of the second part a bond with some Guarantee Company as surety thereof in the sum of $46,692.00 made in accordance with Act 180 of 1894 acceptable and to be approved by the party of the second part and another bond with similar surety for the amount of the contract $46,692.00 which bond shall be so conditioned as to indemnify and hold harmless the party of the second part against any and all losses which it may sustain by reason of the parties of the first part failing to keep or perform any of the obligations or agreements which the parties of the first part have agreed to do and perform by this contract."

The contractors failed to furnish the bonds within the delays mentioned, but did so on March 22, 1906, and on that date there was indorsed on the foot of the contract the following, to wit:

"The date of the foregoing contract by consent of all parties is hereby changed from March 6th, 1906, to March 22nd, 1906.
"[Signed] Expanded Metal Fireproofing Co.,
"W. W. Ramsey, Prest. [Seal.]
"Northwestern Tile Co.,
"By D. W. Cutter,
"By C. W. J. Neville."

Thereafter, the contract and bonds were recorded in the mortgage office on March 24, 1906. Both bonds were, on March 22, 1904, accepted in writing by the Grunewald Hotel Company.

On March 12, 1906, the Expanded Metal Fireproofing Company commenced bracing the piling on the Tulane Theater side of the lot on which the work was to be performed, and thereafter this work was continued, with interruptions on account of rain, etc., together with the building of an office and the bringing of tools and lumber from another job, prior to and subsequent to the recording of the contract and bonds on March 24th, and on March 31st the concrete work was started. The plaintiff herein commenced hauling material to the job on March 28, 1906. The account sued on herein is for materials, the delivery of which began in September, and ended on December 11, 1906, and on which plaintiff claims a balance of $4,811.54.

For recovery of the defendant herein, the plaintiff relies upon two propositions, viz.:

the distances traveled by plaintiff and the automobile at this most critical time, it would be unsafe for the court to undertake a mathematical demonstration to show what was done, or what might, could, or should have been done, and base a judgment thereon. Legendre thought that the roadway in Canal street was 40 or 50 feet wide, whereas it is only 35 feet wide. And he testified that when he was in the middle of Jefferson Davis parkway he saw plaintiff under the shed at the corner, from 150 to 240 feet distant. He was very poor in estimating of distances, for the width of the parkway, from property line to property line, is only 267 feet, and one-half of that distance would be only 133 feet 6 inches.

[5] It cannot be expected that defendant, seeing plaintiff and another woman under the shed at the corner, which shed extended less than one-half the width of the sidewalk, which is 25 feet, would assume that one or both of them intended to take a street car, when he saw no street car in either direction. It was only when he saw plaintiff leave the sidewalk with her umbrella drawn over her head that he realized there was danger, as he was only 15 or 20 feet distant, going at the rate of 12 to 15 miles an hour, on a down grade, over a slippery pavement. He testified at that time that he had his engine under control and that he did all he could to avoid the accident. He adopted the means best suited, in his opinion, to avoid the accident. He put on the emergency brake keeping the other hand on the wheel, and stopped the car within a few feet after it had struck plaintiff. If defendant had been guilty of negligence for failing to blow his horn that could only be considered as an error of judgment at most, but, if not so considered, the negligence of both parties was concurrent at the time of the accident, and plaintiff cannot recover damages on account thereof. But we are constrained to hold that the ac-

cident was unavoidable on the part of defendant, and that the judgment appealed from should be affirmed.

Plaintiff argues that she should recover damages under the doctrine of the last clear chance. But there is no place for the application of that doctrine here. There is no evidence whatever going to show defendant was guilty of a willful act of negligence, or that he was wanton in his disregard of the life and safety of plaintiff. And there is no evidence going to show that defendant had it in his power, or should have had it in his power, to have prevented the accident to Mrs. Germann, after he discovered the danger of her position.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.