(94 South. 379)

No. 23651.

**NELSON v. ALLEN.**

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬥749, 878(6)—**Judgment for defendant, who has not appealed nor answered plaintiff's appeal, cannot be amended to maintain exception.**

   Under Code Prac. art. 888, a judgment cannot be amended so as to maintain an exception of no cause of action, overruled by the trial court, where defendant has neither appealed nor filed an answer to plaintiff's appeal from a judgment rejecting his demand.

2. **Landlord and tenant** ⬥123 — **Specification of acreage held mere estimate and not warranty.**

   Under a lease describing the rented premises as "200 acres of land, being a part of the B. plantation, * * * being a part of the land cultivated by M.," the specification of the acreage was a mere estimate and not an express warranty, and where all of that part of the B. plantation cultivated by M. was delivered to the lessee there was no breach of contract by the lessor, though it contained less than 200 acres.

3. **Landlord and tenant** ⬥123 — **Lessor not liable because he erroneously estimated the amount of land, where lessee received the described land.**

   Under a lease describing the rented premises as 200 acres of land, being a part of the B. plantation, and also as "a part of the land cultivated by M.," where the lessee received all of that part of the B. plantation cultivated by M., the lessor was not liable in damages for his mistake of judgment in erroneously estimating the quantity of the land at 200 acres.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by R. W. Nelson against James P. Allen. From a judgment for defendant, plaintiff appeals. Affirmed.

Hall & Bullock, of Shreveport, for appellant.

J. E. Smitherman and F. G. Thatcher, both of Shreveport, for appellee.

By the WHOLE COURT.

LAND, J. This is an action for damages for loss of profits, claimed to have been sustained by the alleged breach of a contract of lease by the failure of defendant, the lessor, to deliver to plaintiff, the lessee, the acreage designated in said contract.

[1] Defendant filed an exception of no cause of action, which was overruled, and upon the trial of the case on its merits plaintiff's demand was rejected. Plaintiff alone has appealed. Defendant has filed no answer to the appeal, but insists upon this court passing upon the exception of no cause of action, and maintaining it. This we cannot do without an amendment of the judgment appealed from, and it is axiomatic that a judgment cannot be amended at the instance of an appellee, who has neither appealed nor filed an answer to the appeal, praying for an amendment. C. P. art. 888; Chopin v. Freeman, 145 La. 973, 83 South. 210; Alfred Hiller Co. v. Hotel Grunewald Co., 147 La. 129, 84 South. 520; Ervin v. Shelby's Heirs, 146 La. 580, 83 South. 835; City of New Orleans v. New Orleans Jockey Club, 115 La. 911, 40 South. 331; Oglesby v. Turner, 127 La. 1094, 54 South. 400.

We are therefore restricted to a review of this case solely upon the merits.

[2] The contract of lease in question recites:

"That the said first party [defendant] has this day rented to said second party [plaintiff] 200 acres of land being a part of the Burroughs plantation for a term of one year, beginning January 1, 1917, ending January 1, 1918, being a part of the land cultivated by H. P. Moore."

It is clear from this description of the leased premises that the object of the lease was *"a part* of the land cultivated by H. P. Moore," located on the Burroughs plantation. It is true that the leased premises is stated in the contract between the parties to contain "200 acres," yet, in the absence of any designated metes and bounds fixing the limits of the lease, it is clear that the quantity of

land leased as "200 acres" was a mere estimate as to the acreage, embraced within "*a part* of the land cultivated by H. P. Moore," and was not intended as an express warranty as to such acreage.

[3] The testimony in the case shows that plaintiff was acquainted with the land leased; that the year previous he had rented another tract near it and lived thereon; that he had inspected the leased premises, ridden over it, alone and in company with defendant; that the bounds of it were pointed out to him; that plaintiff went into possession of 155 acres, all the land embraced in "*the part* of the land cultivated by H. P. Moore," and farmed the same for the rental year 1917; that a survey was made at the joint instance of plaintiff and defendant, for the purpose of ascertaining the exact acreage; and that plaintiff settled with defendant for the rent by paying $6 per acre for the 155 acres as fixed by the survey. Plaintiff received and cultivated all of the land leased and included in "*the part* of the land cultivated by H. P. Moore" on the Burroughs plantation. Not one acre was withheld from him in this tract by defendant; and it was not physically possible for defendant to have added a single acre to the tract leased. There was no refusal upon the part of the defendant to deliver into the possession of plaintiff any land embraced within the leased premises. The cause of action of plaintiff, therefore, necessarily rests solely upon the basis that, the estimate by defendant of the acreage contained in the leased premises being erroneous, the defendant is nevertheless liable to him for damages, although defendant delivered to plaintiff the entire acreage in the tract leased to him. In other words, the contention of plaintiff in this case is that defendant is responsible in damages to him, not for failure to deliver all of the land included in the leased premises, not for the

violation of his contract, when he could have performed it, but for a mere mistake in judgment in erroneously estimating the quantity of such land at 200 acres. This contention is not tenable in our judgment.

The conclusion at which we have arrived in this case is that the incidental mention in the contract of lease of the quantity of land as "200 acres," so much relied upon by plaintiff, was intended to be merely descriptive and not controlling or by way of warranty. Bautovich v. Great Southern Lumber Co., 129 La. 858, 56 South. 1026, Ann. Cas. 1913B, 848; Brawley v. U. S., 96 U. S. 168, 24 L. Ed. 622.

The judgment appealed from is therefore affirmed at the cost of appellant.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.