O’NIELL, C. J.
The plaintiff in this case has appealed from a judgment dismissing thp suit on an exception of no causé of action. The suit is to compel the defendants Gilliland Oil Company and J. B. Gilliland to comply with what the plaintiff claims is an obligation on their part to buy the standing timber and the logs and lumber on plaintiff’s land. Plaintiff asks for judgment for the price stipulated in the contract sued on— $17,500, less $250 paid when the contract was signed; and, in the alternative, plaintiff prays for judgment for $7,675 damages for the alleged breach of contract.
The district judge found that the contract sued on, annexed to the plaintiff’s petition,, was only á sale of an option, by which the Gilliland Oil Company, represented by its vice president, J. B. Gilliland, got the priviledge of buying the standing timber and the logs and lumber on plaintiff’s land, at the price stipulated, $17,500, within 10 days from the date of the option. The price paid for the option was $250, which, according to the contract, would have been credited on the price of the timber and logs and lumber if the Gilliland Oil Company had availed itself of the privilege of buying the timber and logs and lumber.
J. L. Longino, secretary and treasurer of the Bermuda Stock Farms Company, represented his company in the contract, which was made in the form of a notarial act. Here are the stipulations of the contract in full, omitting only the notary’s prelude and conclusion, viz.:
“The said J. L. Longino, representing the said Bermuda Stock Farms Co., declared that he did and does by these presents give, grant, assign and sell to the said Gilliland Oil Com *952 pany, for the term of ten (10) days, an option to buy all of the standing timber on the following described property, to wit: [Here is a description of the land).
“He further declared that he does by these presents give, grant, sell and assign to the .said Gilliland Oil Company an option to purchase all of the logs and lumber belonging to the said Bermuda Stock Earms Company, and located at the mill of Willis & Brown at Doyline, in Webster parish, La.
“The consideration of this option being the sum of two hundred and fifty dollars ($250.00), cash in hand, the receipt of this is hereby acknowledged and due acquittance and discharge given for same. The said J. B. Gilliland, representing the Gilliland Oil Company, declared unto me that he accepts this option- to buy, and agrees for the said company to purchase said standing timber above described, and said lumber and logs, for the price and sum of seventeen thousand, five hundred dollars ($17,500.00), under the following terms and conditions:
“Eirst. The said Gilliland Oil Company shall have ten days in which to examine the title to said land, timber, lumber and! logs above described, and, in the event said title is found to be good in the Bermuda Stock Earms Company, then to pay seventeen thousand two hundred fifty dollars ($17,250.00); it being agreed and- understood "that the two hundred fifty dollars ($250.00) paid for this option shall be con-sidered a part of the purchase price of seventeen thousand, five hundred dollars ($17,500.-00), in the event the sale is finally consummated.
“Second. In the event the attorneys for the said Gilliland Oil Company do not approve the title to said property as being in the Bermuda. Stock Earms Company, then this option shall become null, void and of no effect.
“Third. In the event said title is not approved by said attorneys, then in that event, the said Bermuda Stock Earms Company agrees to pay. the sum o£ two hundred fifty dollars ($250-) attorney’s fees for examining said title.”
In every paragraph of the contract, except the last paragraph, it was said that the Gilliland Oil Company bought the option or privilege of buying the timber, etc. In the last sentence of the third paragraph, it was said that Gilliland, for his company, declared that he accepted the option to buy, and agreed to buy, on the terms and conditions thereafter stated. But the terms and conditions thereafter stated showed that the only loss or,penalty to be incurred for a failure to buy was the forfeit of the $250 paid for the option. In the fourth paragraph, and again in the fifth paragraph, it was repeated that what the Gilliland Oil Company got for the $250 paid was the option to buy the timber, logs and lumber, at the price stipulated.
[1] It goes without saying that one who buys an option, either to buy or not to buyi a thing, cannot be compelled to. buy the thing. In the second paragraph of article 2462 of the Civil Code, as amended and reenacted by Act 249 of 1910, p. 417, the effect of a sale of an option is defined and described, viz.:
“A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale as to ghje either party the night to enforce specific performance of same.
“One may purchase 'the right, or option, to accept or reject, within a stipulated time, an offer or promise to sell. After the purchase of such option, for value, such offer or promise cannot be withdrawn before the time > agreed upon; and should it be accepted within the time stipulated, the contract, or agreement, to sell, evidenced by such prpmise and acceptance, may be specifically enforced by either party.”
[2, 3] When a person- holding an option to buy actually agrees to buy, his option is at an end. A contract by which a person takes an option to buy a certain thing and at the same time obligates himself to buy the thing is an anomaly — a paradox.
If we should regard the contract sued on as an agreement on the part of the Gilliland Oil Company to buy the timber, logs and lumber, the result would be the same, so far as this suit goés, because the agreement was made with the giving of earnest; and, according to article 2463 of the Civil Code, the extent of the liability for the Gilliland Oil Company’s breach of its obligation to buy was the forfeit of the $250.00 paid as earnest. To constitute an agreement of sale *954 with the giving of earnest, under the provisions of article 2463 of the Civil Code, it is, of course, not necessaryi that the money given as earnest should be called “earnest.” Smith v. Hussey, 119 La. 32, 43 South. 902. In Maloney v. Aschaffenburg, 143 La. 509, 78 South. 761, it was said:
“A written contract whereby the owner of certain described property agrees to sell it, and the other party to the contract agrees to buy it, for a stated price to be paid in cash, the áct of sale to be passed within a time stipulated, the party proposing to buy depositing a sum to-become a part of the purchase price, is not a complete ‘sale,’ but only an ‘agreement for the sale,’ with the payment of earnest money.”
[4] Our conclusion is that the ruling of the district court, that the contract sued on was a said of an option, and that the plaintiff, therefore, had no cause or right of action to compel the defendant to buy the timber, etc., or to recover any damagés or penalty beyond the $250 already received as the price of the option, was correct.
The judgment is affirmed, at appellant’s cost.