No. ——

First Circuit

## MILLAUDON v. BRENAN

(Feb. 12, 1927. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 3, 43, 47.**
In view of Articles 2462 and 2463 of the Civil Code, a deposit of part payment of the purchase price of property on the sale to be consummated at a future date is "earnest" money even though the word "earnest" is not used.

2. **Louisiana Digest—Sales—Par. 3, 43.**
There is no conflict between Article 2462 of the Civil Code as amended by Act 27 of 1920 and Article 2463 of the Civil Code having reference to a "promise to sell" and "earnest money".

Appeal from the Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

Action by Clifford H. Millaudon against Miss Tillie Brenan.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

A. J. Finney, of Covington, attorney for plaintiff, appellee.

Lindsey McDougall, of Covington, attorney for defendant, appellant.

MOUTON, J. Plaintiff sues defendant to compel her to sign a deed of sale for a parcel of land situated in the town of Covington. The act of deed upon which plaintiff relies to compel a transfer of the property was executed January 23, 1926.

This act reads in part, as follows:

"I, Tillie Brenan, of lawful age, a resident of Covington, Louisiana, have this day sold to Clifford H. Millaudon the following described property, etc.:

"The purchase price being the sum of three hundred and no-100 dollars ($300.00) cash, I hereby acknowledge a deposit of fifty and no-100 dollars ($50.00) received from Clifford H. Millaudon, on the sale of above described property. The act of sale of this property is to be passed within the next fifteen days from the date of this agreement."

It is clear from the recitals in the foregoing contract that there was a reciprocal consent between the parties as to the thing, the price, and terms. It is therefore a promise of sell; C. C. 2462. This is emphasized by the fact that the act of sale for the transfer of title was to be executed at a date subsequent to the

contract, and that a deposit of $50.00 was made by plaintiff to guarantee or secure the sale. Capo vs. Bugdahl, 117 La. 992, 42 So. 478; Smith vs. Heissey, 119 La. 32, 43 So. 902; Lee Lbr. Co. vs. Union Naval Stores Co., 142 La. 509, 77 So. 131; Bermuda Stock Farms Co. vs. Gilliland Oil Co., 155 La. 949, 99 So. 708. Part of the contract above copied, it is true, says that $50.00 were deposited with defendant, vendor, but does not declare that it was "earnest" money. This was, however, immaterial, as such a deposit should be considered as "earnest" money, even though it had been given over as part of the purchase price. Maloney vs. Aschaffenburg, 143 La. 509, 78 So. 761; Capo vs. Bugdahl, 117 La. 42 So. 478.

Counsel for plaintiff, if we understand him correctly, does not dispute the proposition that if the amount given by plaintiff was "earnest" money that defendant had, under the provisions of Article 2463, Civil Code, the right to withdraw from the agreement by giving double the amount of the "earnest" money. The contention of counsel for plaintiff in that Article 2463 C. C. in in conflict with the provisions of Act 27, 1920, a later statute, and is therefore impliedly repealed. That statute amends and re-enacts Article 2462 of the Civil Code which refers to a promise to sell, and makes no reference to Article 2463, which governs the rights of prospective vendors and vendees, when earnest money has been deposited. Act 27, 1920, upon which counsel relies, after re-enacting Article 2462, which deals with the promise to sell, says in part:

"One may purchase the right or option to accept or reject, within a stipulated time, an offer or promise to sell, etc."

Under the provisions of Act 27, 1920, a party is given the right to accept or reject, within a certain time, an offer or promise to sell. He could not possibly, in the same contract, take an option to buy a thing and at the same time obligate himself to buy the thing. Such an agreement would be an anomaly—a paradox, as was well said in _____ ____ _____ ____ 155 La. 949. There is no conflict between the act aforesaid and Article 2462; much less with Article 2463 to which the act makes no reference. As hereinabove stated the amount of $50.00 was deposited with defendant to bind her to execute the sale within fifteen days after the date of the act. The evidence shows that three or four days after the execution of the act, defendant, through her attorney, offered plaintiff to pay him the sum of $100.00, being double the amount of the earnest money. This was refused by plaintiff. No formal tender was made, but as plaintiff had refused to accept double the amount, the formality of a legal tender would have been in vain or to no purpose, and was not therefore required. MacLeod vs. Hoover, 159 La. 244, 105 So. 305.

At the opening of the trial a legal tender of $100.00 was made to plaintiff, who refused to accept it.

The lower court rendered judgment for plaintiff decreeing that defendant execute a deed transferring title of the property to plaintiff. This judgment is erroneous and must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and that the demand of the plaintiff be rejected; that the clerk of the District Court hold the one hundred dollars ($100.00) tendered by defendant, subject to the orders of the plaintiff herein; and that upon payment of $100.00 to plaintiff that the contract of date, Jan. 23, 1926, above referred to, be cancelled and erased from the public records of the Parish of St. Tammany, and that plaintiff pay all costs of this suit.