Nos. 454-455

(Consolidated)

First Circuit

BOGUE-CHITTO GRAVEL CO., INC., v. POLICE JURY OF LAFOURCHE PARISH
JOHNSON v.
POLICE JURY OF LAFOURCHE PARISH

(May 7, 1929.  Opinion and Decree.)
(June 10, 1929.  Rehearing Refused.)
(July 8, 1929.  Writ of Certiorari and Review Denied by Supreme Court.

Howell and Howell, of Thibodaux, attorneys for plaintiffs, appellants.

Spearing and Mabry, of New Orleans, and J. A. O. Coignet, District Attorney of Thibodaux, attorneys for defendant, appellee.

MOUTON, J. The plaintiffs, in the two above entitled cases, sue on an open account for gravel furnished in 1923, to Harrison M. Weber, who they allege was under a written contract with the Parish of Lafourche, building a road for it along Bayou Blue.

It is alleged in the petition of the Bogue-Chitto Gravel Company, that in March, 1924, its itemized account was recorded in Lafourche Parish, and also that it had been duly filed with the Police Jury of that parish.

In the petition of David E. Johnson, the other plaintiff, it is not alleged that the account was recorded, but it is averred that the account had been filed with the Police Jury of which it had been fully advised prior to the payment of the balance in its hands to the surety company.

Both plaintiffs allege that on the 14th of November, 1927, the defendant Police Jury had in its hands a balance of two thousand forty-two 30/100 dollars ($2,-042.30), which was due to Harrison M. Weber under his contract with it, and that on said date this balance was paid over by defendant to the United States Fidelity and Guaranty Company, surety on the bond of Harrison M. Weber; that the payment was illegal, and for which the Police Jury is liable to petitioners with interest in the following amounts: To the Bogue-Chitto Gravel Company in the sum of four hundred fifty-seven 09/100 dollars ($457.09); and to David E. Johnson for three hundred four 12/100 dollars ($304.12), for which judgment is accordingly asked.

The defendant in each case filed an exception of no cause of action and the plea of one, two and three years' prescription. The court overruled the exception of no cause of action in both cases, maintained the plea of prescription of three years and dismissed the suits.

The defendant, in this court, first insists on the maintenance of its exception of no cause of action. To maintain that plea we would have to amend the judgment appealed from by the reversal of the judgment in that respect. The defendant did not appeal from the judgment, plaintiff being the only appellant. It might be said that defendant could not appeal from the judgment overruling the exception of no cause of action. That may be legally true, but it should at least have filed here an answer to the appeal, asking for an amendment reversing the judgment overruling its exception of no cause of action, "as it is axiomatic that a judgment cannot be amended at the instance of the appellee, who has neither appealed nor filed an answer to the appeal, praying for an amendment." C. P. 888; Nelson vs. Allen, 152 La. 753, 94 So. 379; Chopin vs. Freeman, 145 La. 972, 83 So. 210; Alfred Hiller Co. vs. Hotel Grunewald Co., 147 La. 129, 84 So. 520.

The exception is not before us for review, and we shall therefore confine ourselves to the plea of prescription, the sole issue presented.

The suits being on open accounts the prescription of three years is the only one applicable. C. C. 3538.

In the Bogue-Chitto Gravel Company case, suit was filed May 14, 1928, and service of citation was accepted May 18, 1928; and, in the Johnson suit, service of citation was made August 20, 1928.

The gravel was furnished by both plaintiffs to Harrison M. Weber, the road contractor, in May and October, 1923.

Section 2 of Act 224, page 406 of 1918,

says that any party furnishing material for the repair or construction of any building or road, may file with the authority having the work done and record with the recorder of mortgages in the parish where the work is done, a sworn statement of the amount due him "and any payments made thereafter by said authority without deducting the amount of the claim so served on it, shall be at its own risk."

Section 2 of said Act of 1918, was amended and re-enacted by section 3 of Act 271 of 1926, page 468.

The foregoing excerpt of Act 224 of 1918, wherein it refers to the filing, swearing and recording of the statement due the claimant, is repeated in section 3 of Act 271 of 1926, but which concludes in referring to the authority that does the work, as follows:

"And any payments made thereafter by said authority without deducting the amount of the claims so served on it, shall make said authority liable for the amount claimed."

The language in the later Act is direct, explicit and was undoubtedly intended to clarify all doubts as to the liability of the authority which undertook to make such payments without first making the deduction of the claim served upon it.

We think, that the word "risk" used in the previous Act was sufficient to fix the responsibility of the authority making the payments in disobedience to the requirements of that statute, but if there could exist any doubts in that respect, these doubts, we think, have been entirely brushed aside by the imperative language of Act 271 of 1926, which fixed the liability of the authority making these payments in violation of the provisions of that statute.

In both cases it is alleged by plaintiffs that on November 14, 1927, the Police Jury, without providing for the payment of their claims, paid over to the United States Fidelity and Guaranty Company, surety on the bond of Weber, the road contractor, the sum of two thousand forty-two 30/100 dollars ($2042.30), the balance of the contract price which remained in its hands. This money, as we understand the law, was in the nature of a trust fund in the hands of the Police Jury and which it had no authority to turn over to the surety on the bond of the contractor before making the deduction of pending claims when properly filed with the Police Jury prior to the payments referred to in the statutes.

The pleadings show that plaintiffs' accounts were duly filed with the Police Jury prior to the payments made to the surety company. The Police Jury having made these payments in violation of the statute, plaintiffs had the right of recovery against it, unless their claims be prescribed as contended for by counsel for defendant in their brief.

The defense on this proposition is that plaintiffs' right of action arose in July and October, 1923; that the service of citation having been accepted May 18, 1928, a period of much more than three years had elapsed between the time when the right of action accrued and the bringing of the suits, thus barring the right of plaintiffs to recover under the prescription of three years.

If the plaintiffs were suing Weber, the contractor, to whom the materials were furnished, this contention would be effective.

This suit is not, however, brought against Weber, but is levelled against the Police

Jury for having made the payments complained of to the surety on Weber's bond on the 14th of November, 1927, and in violation of its statutory obligations. It is when these payments were made by the Police Jury, at the date alleged, in disobedience of law, and in violation of the rights of the plaintiffs that their right of action arose or accrued, and at which time prescription began to run. South Arkansas Lbr. Co. vs. Tremont Lbr. Co., 146 La. 61, 83 So. 378. Less than one year had elapsed from the time this right of action arose in favor of plaintiffs, November 14, 1927, to the institution of the suit in May, 1928. Hence, the prescription of three years cannot apply.

The judgment maintaining the plea of prescription must be reversed, and plaintiffs decreed entitled to recover on their respective claims in separate judgments.

It is therefore ordered, adjudged, and decreed that the judgment maintaining the plea of prescription in the case of Bogue-Chitto Gravel Company vs. the defendant, be and is hereby annulled and reversed; and, it is further ordered and decreed that said Bogue-Chitto Gravel Company have judgment against defendant in the sum of three hundred and four 12/100 dollars ($304.12), with five per cent per annum interest from the 14th of November, 1927, with all cost of suit.

———

(See syllabus in Bogue-Chitto Gravel Co., Inc., vs. Police Jury of Lafourche Parish proceedings.)

MOUTON, J. It is ordered, adjudged, and decreed that the judgment appealed from maintaining the plea of prescription herein filed, be and is hereby annulled and reversed; and it is further ordered and

decreed that plaintiff have judgment against defendant for the sum of four hundred and fifty-seven 09/100 dollars ($457.09), with five per cent per annum interest from the 14th of November, 1927, until paid with cost of court.