162 So. 206

**AMERICAN CREOSOTE WORKS, Inc., v. CITY OF NATCHITOCHES et al.**

No. 33000.

May 27, 1935.

Denegre, Leovy & Chaffe, of New Orleans, Blount B. Breazeale, Jr., of Natchitoches, and Jas. Hy. Bruns, of New Orleans, for appellant.

Russell E. Gahagan, of Natchitoches, for appellee.

HIGGINS, Justice.

Plaintiff, a materialman, brought this action against the city of Natchitoches, as owner, to hold it liable for the price of certain

materials, which were sold and delivered to Royce-Kershaw, Inc., contractor, and were used by the contractor in the construction of a bridge for the city.

Exceptions of no right or cause of action were filed on the ground that plaintiff's failure to serve a sworn statement of the account on the defendant is fatal to its right to hold the defendant liable under the express provisions of section 2 of Act No. 224 of 1918, as amended by Act No. 271 of 1926, § 3, generally known as the "Public Works Statute."

There was judgment sustaining the exceptions and dismissing the suit, and plaintiff has appealed.

The facts are undisputed. The city of Natchitoches entered into a contract with Royce-Kershaw, Inc., to construct a bridge across Cane river. The contractor purchased from the plaintiff the materials which were used in the construction of the bridge, but failed to pay the balance due on the account amounting to $4,766.89. The bridge was completed and properly accepted by the city on October 28, 1931; the relevant part of the acceptance ordinance reading as follows:

" * * * And that final settlement will be made with the said Royce-Kershaw, Inc., the contractor, *thirty days after date of recordation of this notice.*" (Italics ours.)

On November 4, 1931, the city adopted a second ordinance, providing for the payment in full of the contract price, and the money was paid to the contractor thereunder.

On December 2, 1931, plaintiff recorded its claim for a lien in the mortgage records of Natchitoches parish, but did not file with the city a sworn statement of the amount due.

Sections 2 and 3 of Act No. 224 of 1918, as amended by Act No. 271 of 1926, §§ 3, 4, respectively, read as follows:

"Section 2. That any person, firm or corporation, association of persons or partnership to whom any money shall be due on account of having done any work, performed any labor on, or furnished any material in the construction, erection, alteration or repair of any such building, road, work or improvement, or any person, firm, corporation, association of persons or partnership to whom any money shall be due on account of having furnished material or supplies for use in any machine used in the construction, erection, alteration or repair of any such building, road, street or other work of improvement, *may file with the said authority having the said work done,* and record in the office of the Recorder of Mortgages for the parish in which the said work is being done, *any time after the maturity of his claim, a sworn statement of the amount due him, and any payments made thereafter by said authority without deducting the amount of the claims so served on it, shall make said authority liable for the amount of such claim.*

"Section 3. That any person, firm, corporation or association of persons or partnership to whom any money shall be due, on

account of having done any work, performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, public road *or public work or improvement,* on account of having furnished material or supplies for use in any machine used in the construction, erection, alteration or repair of any such building, public road, or public work or improvement *shall within forty-five days after the acceptance* of said work by the State, Parish, *City,* Town, Village, Public Board or Body, or within forty-five days after the default of the contractor or sub-contractor, *file with the said authority a sworn statement of the amount due,* and record a sworn statement thereof with the Recorder of Mortgages of the Parish in which the work is done, or being done, provided that the said 45 days shall not begin to run until the said authorities shall record in the mortgage office of the parish in which the work was done an acceptance of the work, or notice of the default of the contractor or sub-contractor, as the case may be; provided further that nothing in this Act shall be so construed as to deprive any person or claimant within the terms of this Act of his right of action on the bond, which right shall accrue at any time after the maturity of his claim." (Italics ours.)

Plaintiff contends that the language of the above sections makes it the mandatory duty of any public body or board having public works performed to wait 45 days after the work has been accepted before paying the contractor; and to secure a mortgage cer-

tificate from the recorder of mortgages for the parish wherein the work was done, deduct from the contract price the total amount of the respective liens which have been filed, and then settle with the contractor.

It is argued that the city's failure to comply with the statute makes it liable to the plaintiff, even though a sworn itemized statement was not served, because after defendant paid the full amount to the contractor, the service of the sworn statement would have been in vain.

It is to be noted that plaintiff does not claim any privity of contract with the defendant, and the sole basis for its claim against the city is predicated upon the act.

█ The law is clear that statutes in derogation of common rights such as those creating civil penalties and liens and privileges are to be strictly construed and are not to be extended by analogy or implication, or through considerations of equity. Massachusetts Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863, 864; Boylan's Detective Agency v. Brown & Co., 157 La. 325, 102 So. 417; L. P. Stephens & Co. v. Kellogg Lbr. Co., 18 La. App. 507, 137 So. 769.

█ In the case of Casey v. Allain et al., 9 La. App. 725, 120 So. 420, the materialman who furnished materials which were used in the construction of a private improvement, as distinguished from a public one, failed to serve a sworn statement on the owner. The court held that the service of an attested account by the materialman on the owner was

a condition precedent to the materialman's right to recover the amount of his claim from the owner, under the provisions of section 2 of Act No. 139 of 1922.

Both the "Public Works Statute" and the "Private Improvement Statute" (Act No. 298 of 1926) are identical in requiring the service of the sworn or attested account on the owner as a condition precedent to personal liability. We, therefore, consider the above case in point and decisive of the issue presented.

Counsel for the plaintiff has referred us to the cases of Haynesville Lbr. Co. v. Casey, 165 La. 1065, 116 So. 559, and American Creosote Works, Inc., v. Ætna Casualty & Surety Co., 167 La. 601, 120 So. 21. Those cases are not in point because the action was against the surety on the contractor's bond, and under the provisions of the statute the surety can plead only the defenses which the contractor can urge.

The case of Shreveport Producing & Refining Corp. v. City of Shreveport, 175 La. 61, 143 So. 5, is not applicable because in that case the city prematurely honored the assignment by the contractor of his rights in the balance of the funds to the prejudice of the rights of the claimants against the balance due the contractor that remained in the hands of the city. Here the materialmen failed to preserve their rights against the fund.

The series of cases of Uvalde Rock Asphalt Co. v. City of Shreveport et al., reported in 172 La. at pages 977, 987, 991 and (Houston Oil Terminal Co. v. City of Shreveport) 994, 136 So. 23, 26, 28, 29, and Decatur Cornice & Roofing Co., Inc., v. Caldwell Bros. et al., 173 La. 694, 138 So. 511, and Bogue-Chitto Gravel Co., Inc., v. Police Jury of Lafourche Parish, 11 La. App. 246, 122 So. 505, 507, are not apposite here, because the owner paid out the balance of the funds due the contractor, *after having received notice from the claimants;* and the court held that the fact that the claimants failed to file their claims within 45 days after the work was accepted was immaterial.

In the instant case, the funds were paid to the contractor before the expiration of the 45-day period, without obtaining a mortgage certificate. Defendant assumed the risk of being held personally liable to any claimant who might notify it within that time of his claim and lien. However, the defendant did not assume the risk of being held liable to a claimant who entirely failed to notify defendant that he had any claim against the fund.

For the reasons assigned, the judgment is affirmed.