## McVAY v. SWIFT.
### No. 8432.

Circuit Court of Appeals, Fifth Circuit.
July 6, 1937.

Lemuel H. Doty and Albert Sidney Johnston, Jr., both of Biloxi, Miss., for appellant.

E. B. Dubuisson, of Opelousas, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit was begun as a bill in equity for specific performance of an option contract or for damages in lieu, with a lien on the land described in the bill, against C. T. Whitman Lumber Company, Inc., and Charles H. Swift. There were allegations that the sale to Swift under foreclosure proceedings instituted after the execution of the contract was simulated and in fraud of plaintiff, and that Swift held the lands for Whitman Lumber Company, and prayers that a lien be fixed against them for the damages awarded. Though Whitman Lumber Company was personally served, Swift was not, and first pro confesso, and later as final, a default decree was entered against both defendants. Upon findings that Swift's foreclosure of his vendor's lien was void as to complainant, and that plaintiff had duly exercised his option, it was decreed that plaintiff have damages in lieu of performance, with a lien on the lands described, and that they be sold by Commissioner to satisfy the lien.

Swift thereafter moving to vacate and set aside the decree against him, because no process had been served upon and no appearance entered by him, the decree was vacated and set aside as to him, but left in force as to the money judgment against the lumber company. Whereupon plaintiff, by supplement to his original bill, pleaded that he was a creditor of the lumber company, and that the Swift foreclosure sale was void as to him, because when put in suit the notes had barred and the lien had prescribed under

the five and ten-year statutes of limitation of Louisiana. Swift's motion to dismiss was sustained, the bill as to him and the land described in it was dismissed, and the clerk of the court was authorized and directed to cancel and erase from the mortgage records the judicial mortgage resulting from the registry of the decree theretofore entered against him.

McVay has appealed upon the single assignment that the court erred in dismissing, for want of equity as against Swift, his bill of complaint as amended.

■ We find the assignment without merit. Appellant in his argument before us assumes what his pleadings fail to show, that within the time and on the terms limited in it by electing in a binding way to exercise his option, he converted it into an enforceable contract. He assumes, in short, the existence of that mutuality of obligation in regard to lands which under Louisiana law, can spring only from a written agreement on the one part to sell, and on the other, to buy. La.Civil Code, arts. 2275, 2440, and 2462. Under these codal provisions, Bermuda Stock Farms Co. v. Gilliland Oil Co., 155 La. 949, 99 So. 708; indeed, generally, 66 C.J. 497, an option may not be specifically enforced. Under these provisions, indeed generally, an option may not be enforced until it has become a contract by an election to exercise it made in the way and manner the law prescribes. Bermuda Stock Farms Co. v. Gilliland Oil Co., supra. Under these codal provisions an enforceable contract for the sale of lands does not result, unless the option is exercised in writing within the time and on the terms named in it. Barchus v. Johnson, 151 La. 985, 92 So. 566. The reason for this is that for specific performance there must be mutuality. It will not be decreed except there is a valid and completed contract of sale, binding both parties to it. 25 R.C.L. § 8, p. 206; § 33, p. 232; United States v. Noe, 23 How. 312, 16 L.Ed. 462; Jones v. Jones, 333 Mo. 478, 63 S.W.(2d) 146, 90 A.L.R. 219.

■ Where, as here, it is pleaded not that the optionee elected in writing to exercise his option, but merely made an oral tender of performance, no contract of sale resulted, and neither optionee nor optionor could compel the other to perform.

■ Plaintiff's argument that the clause in the option, "Party of the second part hereby accepts the terms of this option," operates to furnish the binding allegation which makes a contract out of the option, will not do; indeed, is on its face untenable. For it is to say that plaintiff, by the act of accepting an option for a term in which to determine whether he will contract, 66 C.J. 497, Ide v. Leiser, 10 Mont. 5, 24 P. 695, 24 Am. St.Rep. 17, deprives himself of the option by converting it into a binding contract. Cf. Bermuda Stock Farms Co. v. Gilliland Oil Co., supra.

■ If, then, Swift had been a party to the option agreement, plaintiff's bill would have shown no equity against him to enforce it, because it was never converted into a binding contract. But it is not for this reason alone that plaintiff's bill is without equity. It is without it for the additional reason that plaintiff took his option expressly subject to Swift's interest in the land and to the notes he had against it, and his tender and suit must have been not in defiance of, but in complete subordination to, Swift's claim. Plaintiff could not, he did not, show any equity to have the land, the lumber company had optioned to him subject to Swift's notes and lien, and Swift had purchased at foreclosure sale, subjected to a lien to secure his money judgment. If, as the bill stood as amended, it showed any right in plaintiff in the land, that right was in subordination to Swift's title. But the bill did not show any right in him to the land. After the default decree against Swift and the land had been set aside, plaintiff stood in the cause upon his election for money damages as a judgment creditor of Whitman Lumber Company. As such a creditor, upon proper allegations, he might have brought and still may bring a creditor's bill against Swift to subject the land to his judgment. Nothing pleaded by him in this suit entitled him to assert a claim against Swift or the lands his bill described. For it is quite plain that under the laws of Louisiana, In re Liquidation of Canal Bank & Trust Company, 181 La. 856, 160 So. 609, 99 A.L.R. 473, American Creosote Works v. City of Natchitoches, 182 La. 641, 162 So. 206, indeed, under general law, no equitable lien arose in support of the money judgment he got for damages. Whether, on a creditor's bill or other appropriate proceedings Swift's title under his judgment of foreclosure is subject to attack by plaintiff as invalid, because of plaintiff's claim that it was entered on notes which had been barred and enforced a mortgage which had prescribed, or whether, as appellee interestingly argues, Swift's judgment and deed are

beyond attack, 97 A.L.R. 739, we need not decide. The bill in suit is not a creditor's bill, but one to charge the land with an equitable lien as security for the damage judgment plaintiff got, and nothing is alleged which gives rise to or supports such a lien. Appellee on his bill stands not as a lien, but as a simple, creditor of the lumber company, without allegations of any kind permitting him to contest or inquire into the validity of Swift's title.

The judgment is affirmed without prejudice to plaintiff's right to pursue the lands by creditor's bill, or other appropriate proceedings as the property of the lumber company.

Affirmed.