323 So.2d 168 (1975)
RICHARD AND GAUDET, Plaintiff-Appellant,
v.
The HOUSING AUTHORITY OF the CITY OF LAFAYETTE et al., Defendant-Appellee.
No. 5253.
Court of Appeal of Louisiana, Third Circuit,
November 20, 1975.
Rehearing Denied December 17, 1975.
Writ Refused February 11, 1976.
*169 Logan & DeLaunay, by Gerald DeLaunay, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by John G. Torian, II, Lafayette, for defendant-appellee.
Before HOOD, HUMPHRIES, and PETERS, JJ.
Writ Refused February 11, 1976. See 326 So.2d 337.
PETERS, Judge ad hoc.
Plaintiff appeals the judgment dismissing its asserted claim against the Housing Authority of the City of Lafayette, Louisiana (Housing Authority). The facts are stipulated and undisputed by the parties and this appeal presents only two issues of law concerning the scope of protection afforded under LSA-R.S. 38:2241-2248.
The defendant Housing Authority on January 19, 1970, entered into an architect's contract with Architect & Designers, Inc. for professional services in connection with a housing project. Architect & Designers, Inc. then entered into a contract with plaintiff to supply engineering services for this job. The plaintiff supplied these services and submitted a bill for $13,661.82 to Architect & Designers, Inc. This amount was not paid and plaintiff subsequently filed a claim statement in the mortgage records of Lafayette Parish. No bond was posted to insure payment for these services. Plaintiff contends Housing Authority is personally liable for the debt due to its failure to require bond and its payment of sums to the general contractor after plaintiff's claim was filed pursuant to LSA-R.S. 38:2242. Plaintiff contends the provisions of LSA-R.S. 38:2241 et seq, operate in its favor to render Housing Authority personally liable for the amount due plaintiff under its contract with Architect & Designers, Inc., and, further, that the contractor's bond covers the amount owed to plaintiff.
Under Section 2241 a contract and bond is required of a contractor "for the faithful performance of the contract with an additional obligation for the payment by the contractor or subcontractor for all work done, labor performed, or material or supplies furnished for the construction, alteration or repair of any public works or for furnishing materials or supplies for use in machines used in the construction, alteration or repair of any public works." In Silver v. Harriss, 165 La. 83, 115 So. 376 (1928) the court declared that the object of this part is to "protect persons doing work, performing labor, or furnishing material for the construction, erection, alteration, or repair of public works. ..." Plaintiff in this case seems to fit into this broad class.
However, it is well settled the statutes conferring liens are to be strictly construed. American Creosote Works v. City of Natchitoches, 182 La. 641, 162 So. 206 (1935). Further "the law is clear that statutes in derogation of common rights such as those creating civil penalties and liens and privileges are to be strictly construed and are not to be extended by analogy or implication, or through considerations of equity. Massachusetts Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863, 864; Boylan's Detective Agency v. Brown & Co., 157 La. 325, 102 So. 417; L. P. Stephens & Co. v. Kellogg Lbr. Co., 18 La.App. 507, 137 So. 769."
Section 2242 of the Act provides as follows:
"Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any *170 public works, excluding persons to whom money is due for the lease or rental of movable property, but including any architect and any consulting engineer engaged by the contractor or subcontractor in connection with the building or other public work, may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. After the filing and recordation of claims, any payments made by the governing authority without deducting the amount of the claims so served on it shall make the authority liable for the amount of the claims."
Plaintiff's position is that the legislature would have included such architects and consulting engineers in the exclusionary clause of this section, had it intended them to be excluded. This position is untenable. The statute specifically includes those architects and consulting engineers who are engaged by the contractor or subcontractor. (Emphasis ours). No mention is made of architects and consulting engineers who are engaged by anyone other than the contractor or subcontractor. The exclusionary clause was designed to exclude certain people who were otherwise within the scope of protection of the act under the general provisions of Section 2242.
Appellant further contends that the contractor's bond required by RS 38:2241 protects him and he is entitled to recover from the bondsman. The obvious intent is that the contractor's bond is furnished to insure payment of all debts and obligations of the contractor or subcontractor. Since the services rendered by Architect & Designers, Inc. was not a debt of the contractor appellant cannot recover under this statute.
The jurisprudence is well settled that in order for a claimant to hold the prime contractor or the surety liable under LSA-R.S. 38:2241 it is necessary either that there be privity of contract or that the claimant furnish labor or materials to a contractor or subcontractor. Brouillette v. Atlas Construction Company (La.App. 2nd Cir. 1963), 151 So.2d 582; Moore v. Coastal Contractors, Inc. (La.App. 3rd Cir. 1966), 188 So.2d 467. Since appellant fits none of these categories he has no cause of action on the contractor's bond.
For reasons assigned the judgment of the district court is affirmed at appellant's cost.
Affirmed.