GUIDRY, Justice,
dissents and assigns reasons. ,
hi disagree with the majority’s holding that failure to comply with the notice and recordation requirements of La.Rev.Stat. 38:2247 does not limit the right of a subcontractor, in contractual privity with the general contractorj to proceed directly against the surety on the statutory bond. I do not disagree that there is arguably some ambiguity at first glance in the permissive language used in La.Rev.Stat. 38:2242 and the language used in La.Rev. Stat. 38:2247. However, in my view the interpretation of the two statutes made by the court of appeal best follows the intent of the legislature and the Public Works Act, La.Rev.Stat. 38:2241 et seq.
I agree with the majority that the Act is intended to protect those contributing to the construction, alteration, or repair of public works, rather than -"to foreclose preexisting contractual rights between parties. In enacting the subject version of La.Rev.Stat. 38:2247, the legislature sought to define the rights of persons or *315 claimants to have or bring a right of action against a contractor or a surety. Acts 1962, No. 16. In my view, one purpose of the notice requirements of La.Rev.Stat. 38:2242 is to ensure the governing authority and the statutory surety are not subject to claims long after a project is completed. See “K” Construction, Inc. v. Burko Construction, Inc., 629 So.2d 1370, 1374 (La.App. 4th Cir.1993), However, I do not believe that is the only purpose. The notice to the governing | ¡¡authority, together with recordation in the public records as required in La.Rev.Stat. 38:2242(B), also alerts other claimants and interested persons to the subcontractor’s claim against not only the contractor, but also any claims on the statutory bond. As the majority opinion notes, the Act, in lieu of a lien against the public work itself, gives claimants a privilege against the unexpended funds in the possession of the public entity, including certain claimants like material-men and laborers who do not enjoy contractual privity with the general contractor or the governing authority. Op. at 301, citing Wilkin v. Dev. Con Builders, Inc., 561 So.2d 66, 70 (La.1990). The governing authority, however, is also .protected if it complies with the Act. Id. The bond itself, deemed a statutory bond, need only be at least 50% of the contract price. La. Rev Stat. 38:2241(A)(2). Importantly, sureties and contractors executing payment bonds for public works contracts under this Act “shall be immune from liability for or payment of any claims not required by this Part.” La.Rev.Stat. 38:2241(C). Ultimately, because the pool of funds established by the statutory bond may be finite, the Act is intended to provide proportional payment to all eligible claimants.
To that end, I believe La.Rev.Stat. 38:2247 is intended to put all of the claimants, whether in contractual privity with the general contractor or not, on relatively equal footing when it comes to asserting their statutory liens, ;or privileges, against the surety on the bond. The subcontractor who enjoys contractual privity with the general contractor may. nonetheless exercise his right of action directly against the contractor, and most assuredly so, but he may also proceed directly against the surety on the statutory, bond, so long as he first establishes his .statutory lien or privilege as required by La.Rev.Stat. 38:22I2(B). I see no.unreasonable intrusion into the contractual rights of the subcontractor in such a situation, as he may still proceed against the contractor, in any case, but he | ¡¡may aíso proceed against the surety without waiting until after the re-cordation of acceptance of the work by the governing authority. .The only condition for proceeding, against the surety on the statutory bond is compliance with the notice and recordation requirements of La. Rev.Stat. 38:2242., In my view, this reading of the two statutes in pari materia gives effect to all of the language in both. Accordingly, I would find that a claimant to maintain his direct action against the surety on the statutory bond under La. Rev.Stat, 38:2247, must'first establish his privilege thereon through the notice and recordation requirements set forth in La. Rev.Stat. 38:2242(B), as well as file suit within the time limitations of La.Rev.Stat. 38:2247.
HUGHES, J., dissents for the reasons assigned by GUIDRY, J., and assigns additional reasons.
hThe courts are supposed to follow the law, not make it.
Louisiana Revised Statute 38:2241(0) provides, in pertinent part: “Sureties and contractors executing payment bonds for public works contracts under this Part shall be immune from liability for or payment of any claims not required by this Part.” (Emphasis added.)
*316 The Louisiana Supreme Court, in an opinion authored by Justice Kimball, stated that:
It is a long standing principle of statutory interpretation that “[a]s a general rule, lien statutes are stricti juris ánd should thus be strictly construed.” Guichard Dulling Co. v. Alpine Energy Services, Inc., 94-1275 p. 7 (La.7/3/95), 657 So.2d 1307, 1313, rehearing denied (La.1995), “[Pjublic contract laws are to be strictly construed such that the privileges granted are not extended beyond the statutes.” Wilkin, supra, 561 So.2d at 71. See also American Creosote Works, Inc. v. City of Natchitoches, 182 La. 641, 162 So. 206 (1935); and Rester v. Moody & Stewart, 172 La. 510, 134 So. 690 (1931). “The Public Works Act is sui generis and provides exclusive remedies to parties in public construction work.” U.S. Pollution Control, Inc. v. National American Ins. Co., 95-153 p. 4 (La.App. 3d Cir.8/30/95) 663 So.2d 119, 122.[1]
State Division of Administration v. McInnis Brothers Construction, 97-0742 (La.10/21/97), 701 So.2d 937, 944.
lain thé present case the claimant intentionally chose not to comply with the Public Works Act and did not comply with the notice and recordation requirements of this Part. The statutory surety is therefore immune.