ROGERS, J.
 

 This case is before us on a rule nisi issued upon an application for a writ of review.
 

 ' During the years 1923 and 1924, Drew Bros, constructed, under a contract with the state highway commission, a- section of the Tallulah-Delhi road, known as project 117-B, located in the parish of Madison, this state. Under the terms of the contract, the highway commission was to retain 20 per cent, of the cost of the project to protect itself against such claims as might be presentéd against the work.
 

 At the time of the completion and formal acceptance of the work, the contractee had in its possession, under the reservation contained in the-contract, the sum of $12,321.76. It refused, however, to pay over this amount to the contractors until the records of Madison parish were cleared of all claims filed against the project. The contractors thereupon instituted these proceedings by which the highway commission, and the various claimants were brought into court for the purpose of determining the rights of the respective parties against the fund held by the contractee. Among the claimants thus impleaded was the Pigeon-Thomas Iron Company, of Memphis, Tenn., which had filed a claim for $539.50. This claim was disallowed by the district court in these words, viz.:
 

 “The claim of the Pigeon-Thomas Iron Company is disallowed for the reasons that the evidence shows that G. S. Thompson, the man who purchased the iron in question from Pigl eon-Thomas Iron Company, was not a subcontractor of Drew Bros.; that Thompson sold this iron to one of the Drew Bros.’ subcontractors and was paid for it in cash, and that there was no contractual relationship or privity of action between these parties.”
 

 This finding of fact was approved by the Court of Appeal, which affirmed the judgment. In refusing the rehearing applied for by appellant, the court held that the testimony in the record shows that the contract between Thompson and Drew Bros, was subsequently set aside on account of the illness of Thompson and the same work was sublet to another party.
 

 In this court, in the brief filed on behalf of Drew Bros, it is contended that the contract with Thompson was never in effect because of the failure of the subcontractor to execute bond.
 

 The contract, which was reduced to writing, was signed for Drew Bros, by W. T. Drew, a member of the firm, and by G. S. Thompson. Under the terms of the contract, which is complete in itself, the contractor agrees to protect the contractees from all damages or disputes that may arise relative to the construction of the work, but nowhere in the instrument is it stipulated that the contractor shall execute bond as a condition precedent for the contract. W. T. Drew, who signed the agreement on behalf of the contractees, appears to be the so-called subcontractor who performed the work undertaken by Thompson, purchasing from Thompson for that purpose the material which he had ordered out from the Pigeon-Thomas Iron Company.
 

 The testimony of J. M. Calvert and R. C. Drew, called as witnesses by the claimant, shows, prima facie, that the' material sold by it to Thompson, and by him, in turn, sold to W. T. Drew, was actually used in the work called for in the project. The testimony of these witnesses w;as not rebutted. It is not seriously controverted that the claimant, un
 
 *839
 
 der orders from Thompson, cut and prepared the material for use on this project according to the plans and specifications of the highway commission. In these circumstances, conceding, as found by the Court of Appeal, that the contract between Drew Bros, and Thompson was canceled by the illness of the latter, the cancellation was without the knowledge of the Pigeon-Thomas Iron Company, and its right to a recovery cannot be defeated thereby.
 

 Act 224 of 1918 was enacted for the protection of all persons performing labor or furnishing material for the construction, erection, alteration, or repair of public works. While the statute does not grant the beneficiaries therein named a lien on the work itself, it does give them; in effect, a right or privilege against the unexpended fund in the possession of the authorities with whom the original contract has been entered into. In this respect it is analogous to the laws enacted and in force for the preservation of the liens of mechanics and materialmen on work undertaken for private parties. In the light of this analogy, the decision in Girarthy v. Campbell, 6'Rob. 378 is pertinent. Chief Justice Martin, speaking for the court in that case, announced as a' principle of law that one who has contracted for a building has no right, by canceling his contract with the undertakers, to disappoint the expectations of persons who, on the faith of the contract, have entered into engagements to furnish the látter with materials or to bestow their labor on the work.
 

 The claim of the-Pigeon-Thomas Iron Company erroneously includes a charge, of one cent per pound on 13,665 pounds
 
 to
 
 cover freight and drayage which the company did not pay. This error is admitted, and claimant’s account must thereby be reduced to $402.85.
 

 i
 
 For the reasons assigned, the rule nisi'herein issued is made absolute, and, accordingly, the judgments of the district court and the Court of Appeal herein rendered are set aside, and it is now ordered that there be judgment in favor of the Pigeon-Thomas Iron Company ancf against Drew Bros, and the individual members of said firm jointly and in solido, in the full sum of $402.85, with legal interest thereon from August 25, 1924, until paid, and costs, the amount of said judgment to be paid out of the funds held by and in possession of the Louisiana highway commission as the balance due on project 117-B on the TallulahDelhi road.