(136 So. 29)

## HOUSTON OIL TERMINAL CO. v. CITY OF SHREVEPORT et al.

### No. 31105.

March 25, 1931.

Rehearing Denied June 22, 1931.

---

[1] Ante, p. 977.
[2] Ante, p. 987.

Barksdale, Bullock, Warren, Clark & Van Hook and Thatcher, Browne, Porteous & Myers, all of Shreveport, for appellant American National Bank.

Dickson & Denny, of Shreveport, for appellees Uvalde Rock Asphalt Co. and Houston Oil Terminal Co.

A. M. Pyburn, City Atty., of Shreveport (B. F. Roberts, of Shreveport, of counsel), for appellee City.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, for appellee Meriwether Supply Co.

Cook & Cook, of Shreveport, for appellee Shreveport Long Leaf Lumber Co.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee Union Indemnity Co.

ROGERS, J.

The controversy here is over the balance of the funds in possession of the city of Shreveport at the time the suit was filed, and now on deposit in the court below, for account of the paving of Looney street from Pierre avenue to the Texas & Pacific Railway Company right of way. The contractor was the Shreveport Paving Company, Inc., and the surety on the contractor's bond was the Union Indemnity Company.

The consideration for the contract was $15,160.84, on which the city of Shreveport paid the American National Bank for account of the contractor the sum of $4,627.87, leaving a balance in its possession of $10,532.97, which is the subject of the present litigation.

All parties in interest were made parties litigant, and the American National Bank, claiming under its assignment from the contractor, intervened in the proceeding.

The following materialmen filed claims with the municipality for preferential payment out of the funds in its possession, viz.: Standard Building Supply Company, for $669.75; Meriwether Supply Company, Inc., two claims, one for $1,920.79 and the other for $1,035.80; Shreveport Long Leaf Lumber Company, Inc., for $599.79; S. Bender Iron & Supply Company, for $237.46; White's Uvalde Mines, for $559.88; Houston Oil Terminal Company, for $78.00; Shreveport Foundry & Machine Company, for $82.50—total $5,183.97.

The court below rendered judgment in favor of the materialmen, the claim of S. Bender Iron & Supply Company being reduced to $137.51, ordering that they be paid by priority out of the funds deposited in court. The S. Bender Iron & Supply Company was also given judgment for $99.65 against the Shreveport Paving Company, Inc., the contractor. The claim of plaintiff for the fees of its attorneys for instituting the suit was rejected, as was also the claim of the materialmen for a personal judgment against the Union Indemnity Company, the surety on the contractor's bond. The American National Bank appealed, and plaintiff answered the appeal, praying for the allowance of its attorneys' fees. The Standard Building Supply Company and the Shreveport Long Leaf Lumber Company, Inc., also appealed from the judgment so far

as it failed to award them personal judgments against the contractor's surety.

The appellant bank contends in this case, as it does in its three companion cases of Uvalde Rock Asphalt Co. v. City of Shreveport et al., Nos. 31102, 31103 and 31104 of the docket of this court, 136 So. 23, 26, 28,[1] that the provisions of Act 224 of 1918 cannot be invoked by the materialmen in support of their claims to priority of payment. We disposed of this contention in our opinion rendered this day in case No. 31102, referred to supra.

All the materialmen, with the exception of the Shreveport Foundry & Machine Company, filed and recorded their claims within 45 days from the date of the acceptance of the work by the city of Shreveport.

The appellant bank does not dispute the correctness of the judgment in favor of the S. Bender Iron & Supply Company. And its only complaint against the claim of the Shreveport Foundry & Machine Company is that the claim was not filed and recorded within the 45-day period specified in section 3 of Act 224 of 1918 (as amended by Act No. 271 of 1926). This complaint was disposed of in our opinion this day rendered in case No. 31103 of our docket, referred to supra.

The claims of White's Uvalde Mines and the Houston Oil Terminal Company are contested on the ground that they were not proven with the reasonable certainty required by law. But the judge of the district court concluded that they were, and we agree with his conclusion. The affidavits attached to the claims are also assailed on the same ground as was urged against the affidavits of the same materialmen in the other cases. For the reasons therein given, we do not find any merit in appellant's contention.

■ The appellant bank objects to the claims of the Meriwether Supply Company, Inc., on

the ground that they are not properly verified. This objection is of the same nature as the objections made by appellant to the affidavits affixed to the claims filed by this particular claimant on the other contracts. As shown in our opinion in suit No. 31102, referred to supra, there is no force in the objection. The bank also attacks the claim of this claimant for $1,035.80, contending that the materials enumerated therein were not sold to E. E. Blessing, subcontractor, as stated in the affidavit, but were sold direct to the Shreveport Paving Company, Inc., the contractor. The materials were ordered by the contractor to be delivered to the subcontractor, and it is not disputed that they were actually used in the work. In these circumstances, it is immaterial to which of the parties the account was charged.

■ The appellant bank argues that the materials composing the account of the Shreveport Long Leaf Lumber Company, Inc., were not actually incorporated in the work. The lumber purchased from this claimant was for the forms used in the concrete construction incident to the work. There is some testimony going to show that the lumber was used over and over again until at the time of the completion of the work it was practically worn out. But, under the circumstances of this case, we do not find it necessary to go into the question of whether the claimant is entitled to a lien. The fact that the contractor assigned to the bank its right to receive payment under the contract did not give the bank any greater right than the assignor possessed.

As we show in our opinion in case No. 31104, referred to supra, the rights of the materialmen are fixed by both the law and the contract. The primary obligation of the contractor was to pay the furnishers of material out of the avails of the contract. Certainly, it could not successfully contest the claim of the materialmen, and the bank, by reason of

---

[1] Ante, pp. 977, 987, 991.

its assignment from the contractor, is in no better position than it is. The bank as the assignee of the contractor stands in its shoes and cannot invoke any defense which it cannot invoke. Simpson v. City of New Orleans, 109 La. 897, 33 So. 912.

Since the balance due the contractor is ample to discharge the claims of all the materialmen, there is no liability attaching to the Union Indemnity Company, the surety on the contractor's bond. Hence, the appeals of the Standard Building Supply Company and the Shreveport Long Leaf Lumber Company, Inc., present nothing for review.

The judgment rejecting the plaintiff's claim for attorneys' fees is correct. See our opinions in cases Nos. 31102, 31103, and 31104, referred to supra.

For the reasons assigned, the judgment appealed from is affirmed. Costs of appeal to be paid by the American National Bank, intervener and appellant.

(136 So. 31)