ROGERS, J.
 

 This is a concursus proceeding growing out of the paving of Alston street from Le Roy
 
 *990
 
 street to Dale street in the city of Shreveport. The contractor was the Shreveport Paving Company, Inc., and the contractor’s surety was the United States Fidelity & Guaranty Company. The American National Bank intervened in the proceeding asserting a right of priority as against the materialmen
 
 by
 
 reason of a written assignment from the contractor of its claims and rights against the municipality. There was judgment in the court below in favor of the materialmen and also dismissing the claim of plaintiff’s attorneys for a fee for provoking the coneursus. From this judgment, the American National Bank, intervener, appealed, and plaintiff, on behalf of its attorneys, answered the appeal praying that attorney’s fees be allowed.
 

 The total consideration for the contract was $11,630, on which the municipality paid the Intervener for account of the contractor $8,-206.82, leaving a balance of $3,423.18, which the city deposited in the registry of the court below. This balance is claimed by the American National Bank as against three materialmen, viz.: Uvalde Rock Asphalt Company, claiming $768; Houston Oil Terminal Company, claiming $76.80; Meriwether Supply Company, InA, claiming $2,26S.98 — or a total for all claims of $3,113.78.
 

 The case involves the same issues of law and fact which we considered and disposed of in the case of Uvalde Rock Asphalt Co. v. City of Shreveport et al., 136 So. 23,
 
 [1]
 
 this day decided. 'But an additional issue is raised in this ease under the intervener’s contention that the materialmen’s claims were not filed within 45 days from the recordation of the written acceptance of the work as provided by section 3 of Act 224 of 1918 (as amended by Act No. 271 of 1926).
 

 The city’s acceptance of the work was filed for record on September 23, 1929. The claim of the Meriwether Supply Company, Inc., was filed on November 8, 1929, or 40 days thereafter, and the claims of the Uvalde Rock Asphalt Company and the Houston Oil Terminal Company were filed on November 9, 1929, or 47 days thereafter.
 

 It is unimportant that the claims of the materialmen were not filed within 45 . days after the acceptance of the work, since they were filed before the funds and obligations in possession of the municipality were entirely paid over to the intervener for the account of the contractor.
 

 The rights of materialmen are fixed by law, and nothing that the contractor or the owner of the work can do can change them.
 

 The law and the contract between the city of Shreveport and the Shreveport Paving Company, Inc., both reserved to the material-men the right to be paid by preference out of the fund created to discharge the municipality’s obligation under -the contract, and they cannot be deprived of that right. See Thompson v. O’Leary, 146 La. 843, 84 So. 116. And as long as any part of the contract price remained in the possession of the municipality, any furnisher of material had the right to file his account and participate in the common fund. See Robinson-Slagle Lumber Co. v. Rudy, 156 La. 174, 100 So. 296; Fidelity Homestead Ass’n v. Kennedy & Anderson, 158 La. 1059, 105 So. 64.
 

 The intervener, which financed the contract, acquired under its assignment from the contractor and the restrictive acceptance by the municipality no greater right than the contractor, himself, enjoyed. The contractor’s primary obligation was to pay the material-men out of the avails of the contract and the assignment to the bank of those avails did not destroy that obligation. The claim of a money lender to a contractor, although he holds an assignment of the contract or of its proceeds
 
 *992
 
 as collateral security to protect his advances, cannot displace the claim of a materialman to the fund due by the owner to the contractor.
 

 Plaintiff’s claim for attorneys’ fees is unfounded. There is nothing in Act 224 of 1918, § 8, which authorizes the award of attorneys’ fees to the party provoking a concursus. And plaintiff has not brought himself under the provision of the act which does authorize the granting to a claimant of its attorneys’ fees upon the fulfillment of certain conditions. No other statute is referred to by plaintiff in support of its demand.
 

 Eor the reasons assigned, the judgment appealed from is affirmed. Costs of appeal to be paid by the American National Bank, intervener and appellant.
 

 [1]
 

 Ante, p. 9T7.