ROGERS, J.
 

 In April, 1929, the. city of Shreveport entered into a contract with the Shreveport Paving Company, Inc., for the paving of Emery street from Velva street to Portland street. The surety on the contractor’s bond was the United States Fidelity & Guaranty Company. Shortly after the contract was executed the contractor assigned the avails thereof as collateral security to the American National Bank, which had agreed to finance the contract.
 

 The total consideration of the contract was $15,703.10, on which the city of Shreveport paid the bank for account of the contractor the sum of $9,378, leaving a fund amounting to $6,325.10 in the possession of the city. The contest in this proceeding in concursus is over
 
 *994
 
 this fund, which was deposited in court by the municipality, and is between the American National Bank, the contractor’s assignee, and three materialmen, holding claims aggregating $2,649.09. The court below decided in fa.vor of the materialmen, and also rejected the claim of plaintiff’s attorneys for a fee for provoking the concursus. The bank, which had intervened in the proceeding, appealed, and plaintiffs, on behalf of its attorneys, answered the appeal.
 

 The three materialmen asserting claims herein are: Uvalde Rock Asphalt Company, for $1,050; Meriwether Supply Company, Inc., for $1,494.09; Houston Oil Terminal Company, for $105.
 

 . The issues in this case are the same as the issues in its companion cases between the same parties (No. 31102) 136 So. 23,
 
 [1]
 
 and (No. 31103) 136 So. 26,
 
 [2]
 
 of the docket of this court. What we said in affirming the judgments in those cases is applicable to the present case.
 

 The appellant bank strenuously asserts that the correctness of the claims of the Uvalde Rock Asphalt Company and the Houston Oil Terminal Company were not proven with the reasonable certainty required by law. But the judge of the district court found they were, and, after a careful reading of the testimony, we concur in his finding.
 

 The municipality’s acceptance of the work was filed on June 28, 1929, and the claims of the materialmen were filed more than four months thereafter. This delay is relied on by the bank to defeat the material-men’s preferential right of payment. Our opinion in Uvalde Rock Asphalt Co. v. City of Shreveport et al. (No. 31103 of our docket) 136 So. 20,2 this day decided, disposes of this contention. As long as a part of the contract price was in the possession of the city of Shreveport the materialmen were entitled to file their claims and to preferential payment out of the common fund.
 

 Plaintiff has not referred us to any law authorizing the recovery of any fee by their attorneys for provoking this concursus. Hence, its demand in this respect was propr erly rejected by the court below.
 

 For the reasons assigned, the judgment appealed from is affirmed. Costs of appeal to be paid by the American National Bank, intervener and appellant.
 

 [1]
 

 Ante, p. 977.
 

 [2]
 

 Ante, p. 987.