ROGERS, J.
 

 This litigation grows out of the construction some years ago of the courthouse for the parish of Ouachita. Plaintiff, as a material-man, is suing to recover a balance alleged to be due it by the contractors and for the recognition of its alleged lien against the building and the square of ground on which it stands. The defendants are the contractors, Caldwell Bros., a partnership, the individuals members thereof, and" the parish of Ouachita. After pleas to the jurisdiction and of. prescription filed by the contractors were overruled, all the defendants joined issue on the merits, the ensuing trial resulting in a judgment rejecting plaintiff’s demands, and ordering.,the.erasure from the records of its alleged lien. From this judgment plaintiff appealed.
 

 It appears from the statements at bar and in the briefs filed on behalf of the parties that the only question presented and decided in the court below was as to the validity of the lien asserted by plaintiff.
 

 The contract between Caldwell Bros.- and the parish of Ouachita is governed by the provisions of Act No. 224 of 1918, relating to contracts for public works.
 

 On December 30, 1925, the police jury adopted a resolution accepting the building as it stood and retaining $5,000 out of the contract price until such time as the contractors should complete the work to the entire satisfaction of the architect in charge. This acceptance was filed in the mortgage records of the parish on the same day. The plaintiff’s verified claim was recorded- on February 27, 1926.
 

 The defendants Caldwell Bros, contend that, because plaintiff’s claim was not recorded within forty-five days after the recordation of the acceptance of the work, and no verified claim was served within that period on the police jury, as provided by section 3 of Act No. 224 of 1918, plaintiff cannot maintain its action against them.
 

 Plaintiff, on the other hand, contends that the acceptance in question was not such as is required by the statute. That it was conditional and not a final acceptance; and hence did not fix the date for the statutory period within which claims anight be recorded and served.
 

 No evidence was adduced on the trial of- the ease on the merits of plaintiff’s demand against Caldwell Bros, and no proof was offered by those particular defendants in support of their reeonventional demand. The only evidence in the record, apart from the formal documentary evidence, is an admission that, if the architect in charge of the work were present in court, he would testify that the acceptance was final and complete, and was so intended by the police jury; that the intention of the police jury was to accept the work in its then state of construction and to deduct from the contract price the
 
 *697
 
 $5,000 referred to in its resolution; that, the building being completed, the court, clerk, sheriff, assessor and other parochial officers moved into and occupied it. But there is nothing to show that the contractors acquiesced in the police jury’s intention.
 

 Plaintiff's suit is not one in concurso. Seal v. Gano, 160 La. 636, 107 So. 473. Neither is it an action on the contractor’s bond. Section 3 of Act No. 224 of 1918. Nor is it a demand in personam against the contractors and the parish for any unpaid part of the contract price. Uvalde Rock Asphalt Co. v. City of Shreveport, 172 La. 987, 136 So. 26.
 

 The suit is one against the parish of Ouachita- merely for a recognition of plaintiff’s asserted lien on the courthouse. and square of ground on which it stands, and, by reason of the alleged lien, against Caldwell Bros., the contractors, for the balance alleged to be due plaintiff as a furnisher of material.
 

 But Act No. 224 of 1918 does not grant any lien on the public work itself; the statutory beneficiaries being relegated to another and different mode of relief. Hence the trial judge properly refused to recognize and enforce plaintiff’s asserted lien against the courthouse and square of ground on which it stands. We think, however, he went too far in ordering plaintiff’s recorded claim to be entirely erased from the mortgage records.
 

 While the provision in section 3 of Act No. 224 of 1918 for the recordation of claims does not create a lien or privilege in favor of the claimant, it does serve to give public notice of the existence of the claim. Porter v. Town of Ville Platte, 158 La. 351, 104 So. 67, 70. Therefore, in our opinion, the court below should have restricted its judgment to ordering the cancellation of plaintiff’s recorded claim as a lien and privilege against the courthouse and square of ground on which it stands, leaving the inscription to remain in effect for -whatever it may be worth in all other respects.
 

 And, since plaintiff has no lien on the property of the parish of Ouachita as claimed in its petition, its demand against Caldwell Bros, predicated solely on the assertion of such lien must be dismissed. But we think that plaintiff’s demand should be dismissed as in case of nonsuit only, and not in its entirety, as is ordered by the judgment of the court below. Whatever rights plaintiff may have under the relief granted by the statute to its beneficiaries, or otherwise, can be asserted in the proper proceeding. But it is unnecessary to determine here the nature of plaintiff’s rights or the character of the procedure to be followed in the enforcement of those rights.
 

 Notwithstanding our views necessitate a change in the judgment appealed from, the anomalous manner in which the case was presented for decision warrants us in assessing plaintiff with the costs of appeal as well as with the costs incurred in the court below.
 

 For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of the defendant parish of Ouachita, rejecting the demand of the plaintiff, Decatur Cornice & Roofing Company, Inc., for the recognition and enforcement of a materialman’s lien on the courthouse and square on which it stands owned by said defendant, and that the clerk of court of Ouachita parish be ordered to cancel" from the parish records in Mortgage Book 119, folio 252, the inscription of plaintiff’s claim for $2,122.69, filed February 27, 1926, so far as it rests against and operates as a lien upon the courthouse and the square of ground upon which it stands, but no further, said inscription in all other respects to
 
 *699
 
 remain in full force and effect, but without prejudice to the rights of all parties in interest. It is further ordered that plaintiff’s demand against the defendants Caldwell Bros, and the individual members of said partnership be rejected as in case of non-suit. All costs of the suit to be paid by plaintiff and appellant.