## LEATHERS & MARTIN v. CONLEY.*
### No. 4872.

Court of Appeal of Louisiana. Second Circuit.

Dec. 5, 1934.

J. Rush Wimberly, of Arcadia, for appellant.

McIntosh & Sims, of Oak Grove, for appellee.

DREW, Judge.

Plaintiff alleged that under a contract with the Louisiana Highway Commission it constructed a road in West Carroll parish, La., known as Project 766–B, Kilbourne-Concord School Highway; that the contract was duly recorded in the mortgage records of said parish and that it executed the bond required by law; that the road was duly accepted and the acceptance recorded in the mortgage records of said parish; that defendant has caused to be recorded in the mortgage records of said parish a purported claim or lien against said work or road. It further alleged that said claim or lien is not recognized by the laws of the state of Louisiana, in that it is not for work performed in the construction of said road. It alleged the claim to be spurious and illegal, is to its detriment, is injurious to it, and should be cancelled. It prayed that a rule issue to said defendant to show cause why said claim and lien should not be cancelled from the mortgage records.

In answer to the rule, defendant set up that his claim or lien against said road work or project is a true, valid, and legal claim and lien, and is wholly unpaid. He further alleged the claim and lien was filed within the time prescribed by law and is a valid and binding claim and lien for work done and labor performed, under Act No. 224 of 1918, as amended and re-enacted by Act No. 271 of 1926. He prayed that the demands of plaintiff be rejected and his claim and lien recognized.

The lower court rendered judgment in favor of defendant, rejecting plaintiff's demands and recognizing the claim and main-

*Rehearing denied January 9, 1935.

taining the claim and lien of defendant as **a** valid, legal, and subsisting claim and lien for the amount of $762.90. From this judgment plaintiff has perfected this appeal.

The claim and lien filed by defendant is as follows:

"State of Louisiana, Parish of Rapides

"Before me, the undersigned authority, personally came and appeared John M. Conley, who, after being duly sworn according to law, deposes and says:

"That he is a resident and citizen of the Parish of Morehouse, State of Louisiana.

"That he is now and has been in the employ of one M. Tansey, road contractor, on Project No. 766–B, known as the Kilbourne-Concord job in the Parish of West Carroll, State of Louisiana, his employment being as bookkeeper and timekeeper on construction of said road by the said M. Tansey, which said work was done by the said M. Tansey under sub-contract for the grading and drainage structure work from Leathers & Martin, who hold the general contract on said project from the Louisiana Highway Commission, which contract and bond covering both the general contract and sub-contract are duly of record in the mortgage records of the Parish of West Carroll, at Oak Grove.

"That the said M. Tansey is duly indebted unto the said John M. Conley, representing unpaid salary and wages for said employment on said project in the net sum of $762.-80, as shown by itemized statement hereto attached and made part hereof, and that said net amount remains due and unpaid in the said full sum of $762.80.

"That the said John M. Conley has a lien and privilege on the said project for said amount, and executes this affidavit for the purpose of preserving said lien and privilege, and for the purpose of recording same in the records of the Parish of West Carroll, which said recordation hereof shall act as a lien and privilege against the final settlement of said project, all in accordance with the laws of the State of Louisiana governing public work contracts in such cases made and provided.

"John M. Conley.

"Sworn to, acknowledged and subscribed before me, Notary Public, at Alexandria, Rapides Parish, Louisiana, on this the 28th day of June, A. D., 1932, and in the presence of the undersigned competent subscribing witnesses.

"George J. Ginsberg, Notary Public.

"Witnesses:

"Bertha Long

"W. C. Roberts

"M. Tansey

"General Contractor

"Grading, Bridging,

"Roadwork

| John M. Conley | | Project 766–B Kilbourne-Concord job. |
|---|---|---|
| 1931 | Nov. 30, by one half-month | $ 75.00 |
| 1931 | Dec. 31, by one month | 150.00 |
| 1932 | Jan. 31, by one month | 150.00 |
| | Feb. 28, by one month | 150.00 |
| | Mch. 31, by one month | 150.00 |
| | Apr. 30, by one month | 150.00 |
| | | $825.00 |
| | Less charges | 62.20 |
| | Due on 766–B | $762.80 |

John M. Conley
Charges on 766–B

| 1931 | Nov. 30, Store bill | $19.25 |
|---|---|---|
| 1932 | Jan. 19, Store bill | 17.55 |
| 1932 | Jan. 30, Store bill | 6.95 |
| 1932 | Apr. 27, Dr. Kelly | 3.50 |
| 1932 | Apr. 27, Lilly's Filling Station | 9.60 |
| 1932 | Apr. 27, Tire | 5.35 |
| | | $62.20" |

The work performed by defendant is that of timekeeper and bookkeeper for a Mr. M. Tansey, who was a subcontractor under the plaintiff. The defendant filed in evidence the following document signed by Mr. Tansey prior to his death:

"State of Louisiana, Parish of Webster

"I, M. Tansey, do hereby acknowledge that I am justly and legally indebted unto John M. Conley, in the full sum of $762.80, being balance due and unpaid for labor and employment performed as bookkeeper and timekeeper on State Highway Project 766–B, known as the Kilbourne-Concord job, and being job I had a sub-contract for from general contractors, Leathers & Martin, who had the general contract from the Louisiana Highway Commission, as shown by contract duly of record in the mortgage records of the Parish of West Carroll, State of Louisiana, and for which net amount I hereby confess judgment in favor of said John M. Conley, waiving service and citation of and proceedings, notice, demand, notice of demand, default, etc., and hereby authorize the said John M. Conley to use this confession of judgment in any way necessary and to have same made executory by any court of competent jurisdiction.

"In witness whereof, I hereunto set my hand this 28th day of June, A. D., 1932, at Minden, Parish of Webster, State of Louisiana, and in the presence of the undersigned competent witnesses.

"Witnesses:          M. Tansey."

"L. A. Ball

"J. C. Ball"

Mr. Tansey died more than one year prior to the filing of this suit.

Defendant testified to the correctness of the amount claimed in the lien. He was working for a salary of $150 per month; did not go out on the job, but would take the time from the foreman, enter it on the books, and make up the pay rolls therefrom. The time was received by him from the foreman in the office or commissary which were located in tents on the project, and it was there he made out the pay rolls. He remained on the job seven days per week.

Plaintiff's principal contention is that, since defendant did not actually go out on the works where the laborers were performing the work, but remained in his tent office and received the time from a foreman, he was nothing more nor less than a bookkeeper and, as such, was not granted a lien under act No. 224 of 1918, as amended and re-enacted by Act No. 271 of 1926.

In the case of Silver v. Harriss, 165 La. 83, 115 So. 376, 378, the Supreme Court of this state interpreted the above statutes in the following language:

"The object of the statute, as indicated by its title, is to protect persons doing work, performing labor, or furnishing material for the construction, erection, alteration, or repair of public works, by requiring the authority having the work done to exact bond for the payment of all such persons, by setting forth the manner in which the authority having money in its possession shall proceed when a 'sworn account' is 'filed by any sub contractor, or person, firm, or corporation doing work, performing labor or furnishing material therefor,' * * * and by providing that the rights of the respective claimants shall be settled in concurso before the proper court.

"It is true the statute declares that the obligation of the bond shall be for the payment of all moneys due by subcontractors, as well as by the contractor, for work done, labor performed, or materials furnished. But nowhere does it indicate that a subcontractor to whom money may be due by the contractor is not entitled to the benefit of its provisions. On the contrary, the broad language of the act evidences, unmistakably, that it was the intention of the lawmaker to protect all the creditors, including subcontractors, of the contractor for doing any work, performing any labor, or furnishing any materials in the execution of the public work undertaken by him.

"The court said in State v. Rose, 125 La. 463, 51 So. 497, 26 L. R. A. (N. S.) 821, that:

"'The word "work" has a much more comprehensive meaning than the term "labor," and has been defined to mean to exert one's self for a purpose, to put forth effort for the attainment of an object, to be engaged in the performance of a task, duty, or the like; and, as thus defined, covers all forms of physical or mental exertions, or both combined, for the attainment of some object other than recreation or amusement.'

"So that when the statute accords its benefits to all persons, natural or artificial, who may have done any 'work' or performed any 'labor,' it is clear that it recognizes the distinction between the terms, and that the use of the former is intended to cover a broader field of activity than the use of the latter; the word 'work' including within its scope something more than mere physical exertion which falls under the protection of the word 'labor' as used in the act."

█ When the court said that the broad language of the act evidences, unmistakably, that it was the intention of the lawmaker to protect all the creditors, including subcontractors of the contractor, for doing any work, performing any labor, or furnishing any material in the execution of public work undertaken by him, it clearly covered the work performed by defendant, which was that of timekeeper and bookkeeper, and a necessary employee in the execution of the public work.

█ On trial of the case plaintiff seriously objected to any parol proof of the claim of defendant for the reason that the subcontractor and employer of defendant had died more than twelve months prior to the filing of this suit (Act No. 11 of 1926). The objection was overruled, and properly so. The heirs of the deceased or his administrator were not made parties to this suit, and there is no attempt made by defendant to secure judgment, personal or otherwise, against the estate of the deceased. Defendant legally preserved his lien against the funds in the hands of the Highway Commission, which funds were due under the contract to the contractor. The acts under which the lien is granted do not give a lien against public works, but grant a lien against the funds remaining in the hands of the public authorities with whom the original contract was entered. Decatur Cornice & Roofing Co., Inc., v. Caldwell Bros., 173 La. 694, 138 So. 511; Pigeon-Thomas Iron Co. v. Drew Bros., 162 La. 836, 111 So. 182.

Plaintiff had the right under the law to prove the amount due him and to substantiate his lien by parol evidence or otherwise, after he had properly and legally preserved it in accordance with the acts above referred to. Act No. 11 of 1926 has no application here where the deceased's estate is not a necessary party.

█ It is further urged by plaintiff that the surety may plead every defense the principal can and any prescription extinguishing the creditors' demands, and that no judgment can be rendered against the surety unless and until it has been judicially asserted that the person seeking such judgment has a valid claim against the principal, and the necessary steps have been taken to enforce the payment of said claim. We fully agree with the rule as contended for by plaintiff, but same has no application here. The very act under which defendant preserved his lien provided the manner in which it should be done, which has been followed to the letter by defendant. Plaintiff is attempting to have canceled a valid lien held by defendant against funds in the hands of the Louisiana Highway Commission and defendant is within his legal rights in resisting that demand, and can resist it by proving the validity of his lien by parol testimony.

We find no error in the judgment of the lower court, and it is affirmed, with costs.