## ALEXANDRIA CONTRACTING CO., Inc., v. STANDARD OIL CO. OF LOUISI-ANA et al.*

### No. 4873.

Court of Appeal of Louisiana. Second Circuit.

Dec. 5, 1934.

J. Rush Wimberly, of Arcadia, for appellant.

McIntosh & Sims, of Oak Grove, for appellees.

DREW, Judge.

This is a companion suit to cases 4871, Leathers & Martin v. Dermott Grocery & Comm. Co., 157 So. 610, and 4872, Leathers & Martin v. Conley, 157 So. 607, decided by us this day. The three cases were argued together and one brief filed in all.

Plaintiff issued a rule to show cause, directed against the Standard Oil Company of Louisiana, H. M. James, Candis Miller, June J. Gibson, Dr. D. W. Kelly, and West Carroll Hardware & Furniture Company, Incorporated, in an effort to have their respective liens which they had caused to be filed on Project FA–190–B, West Carroll and Morehouse parishes, La., canceled and erased from the mortgage records of said parishes.

The Standard Oil Company of Louisiana and Candis Miller filed exceptions, which were sustained, and they were dismissed from the suit. There was no appeal taken therefrom. The other defendants filed answers to the suit asserting the validity and legality of their respective claims.

J. M. Conley intervened in said suit setting up a lien and claim that he held on said project for services rendered as a timekeeper and bookkeeper. Plaintiff answered the intervention pleading a general denial of the allegations of said petition. The lower court rendered judgment in favor of all the defendants and the intervener, with the exception of H. M. James, whose lien was declared to be invalid by said court in that same was not covered or authorized by the laws of the state of Louisiana. The validity and legality of all the other liens were sustained by the court; however, several of them were partially reduced because of the fact that the articles charged therein as being lienable were clearly not lienable, under the laws of the state of Louisiana. Plaintiff alone has appealed from the judgment.

As to the intervention of J. M. Conley, the identical contention is made by plaintiff as was made in suit No. 4872, entitled Leathers & Martin v. J. M. Conley, 157 So. 607, decided this day by this court, and for the reasons assigned therein, the judgment as to J. M. Conley is affirmed.

The liens recognized by the lower court of the defendants herein covered only materials furnished and used in the construction of said project, labor actually performed in the construction of said project, and feedstuffs consumed by the mules which were employed in constructing said project. Under Acts No. 203 of 1924, No. 224 of 1918, and No. 271 of 1926, all of the items claimed in said liens by defendants are covered.

There is no question in this court on the part of defendants or plaintiff as to the correctness of the amounts of the respective claims, as found by the lower court. The only defenses urged against said claims and liens by the plaintiff are the same as those urged in cases Nos. 4871 and 4872, decided by us this day, and for the reasons assigned in those cases, we find the judgment of the lower court to be correct, and same is affirmed, with costs.

*Rehearing denied January 9, 1935.