BYRNES, Judge.
This is an appeal from a judgment of the Civil District Court in which appellant, the law firm of Hennican James & Cleveland, sued Hibernia National Bank (Hibernia) for attorney fees. Appellant contends that in accord with the equitable principle of nego-tiorum gestio, CCP Art. 2292 et seq, Hibernia should pay these fees since they benefited from a concursus proceeding which appellant conducted on behalf of its client. The trial court refused to apply the article and held that a court should not resort to a principle of equity as long as the positive law is not silent on the issue. We affirm the trial court’s holding.
The facts of the case are complex. As part of a scheme to defraud Hibernia, Victor Lota persuaded eight friends to apply for and receive $205,000.00 worth of personal loans from Hibernia, which they gave to him to invest. As a vice president at Hibernia, Lota used his position to have the loans approved. The money was then sent to Las Vegas to be invested by a third party. Subsequently, Lota was dismissed from his position at Hibernia and a federal grand jury began an investigation into his activities.
Lota sought legal counsel from the appellant, which agreed to defend any civil actions against him. Lota requested that the appellant take several cashier’s checks worth $45,000.00 and dispose of them as it saw fit. This is all that remained of the original $205,000.00. The funds were placed in appellant’s trust account.
Appellant wrote to Hibernia’s in house counsel and tendered the cash as a partial payment on the debts. At this time, appellant suggested the use of a concursus pro *1235 ceeding to properly allocate the funds among the eight loans. Hibernia did not reply. Appellant wrote a second time stating that it would provoke a concursus proceeding if it did not hear from Hibernia. At this point, Hibernia refused acceptance of the funds and agreed with appellant that a concursus proceeding would be the proper route for disposal of the funds. The proceeding was conducted and the funds were ultimately applied pro-rata against the loans.
Appellant then billed Hibernia for the cost of the proceeding. Hibernia refused to pay on the grounds that it never contracted with appellant to conduct the proceeding. Appellant contends that it may recover from the fund or from those who benefited from the proceeding under the equitable principle of negotiorum gestio.
The sole issue we must address in this appeal is whether the appellant, as the initiator of a concursus proceeding should be able to collect attorney fees under a theory of negotiorum gestio. It is well settled in Louisiana that attorney fees should not be granted absent a statute or a contractual obligation. Broussard, Broussard & Moresi, Ltd. v. State Auto & Casualty Underwriters Company, 287 So.2d 544 (La.App. 3rd Cir.1973); Succession of Guichard, 225 La. 315, 72 So.2d 744 (1954). Courts are particularly reluctant to allow attorney fees to those who invoke concursus proceedings. La.C.C.P. Art. 4659, Thurman v. Star Electric Supply, Inc., 294 So.2d 255 (La.App. 1st Cir.1974), cert. denied 299 So.2d 355, affirmed, 307 So.2d 283 (1976), Uvalde Rock Asphalt Co., v. City of Shreveport, 172 La. 991, 136 So. 28 (1931), New York Life Insurance Co. v. Dorsett, 152 La. 67, 92 So. 737 (1922). In the instant case, appellant, as the invoker of a concursus proceeding is seeking attorney fees without benefit of a contractual obligation or a statute. The record reveals that while correspondence was exchanged between the parties, a contract between Hibernia and the appellant was never contemplated or perfected.
When positive law is not silent, courts may not resort to equitable principles to decide a case. (7.(7. Art. 21. Since the law is clear on this issue, we affirm the trial court’s decision which refused to apply the equitable doctrine of negotiorum ges-tio.
The appellant relies on the case of Louisiana State Mineral Board v. Albarado, 248 La. 551, 180 So.2d 700 (1965), for the premise that some courts have applied this theory in concursus proceeding. We find that case distinguishable from the present case. The appellant in Albarado was not an attorney, and did not provoke the concursus proceeding. Moreover he represented the parties who benefited from the concursus. In the case at bar, the appellant is the attorney who provoked the proceeding. The benefit derived from it accrued to the eight people who would no longer have to return that portion of the money. Since none of the loans were in default, Hibernia’s right to recourse still existed. The only benefit Hibernia gained from the proceeding was that it got paid a little sooner than it would have otherwise.
Assuming arguendo that the Albarado exception does apply to the instant case, we would reject appellant’s argument on the ground that negotiorum gestio applies only to one who “undertakes, of his own accord to manage the affairs of another.” C.C. Art. 2295. Here it is obvious that by offering the money to the bank and subsequently conducting the concursus proceeding, appellant was seeking to manage the affairs of its client, not the affairs of Hibernia. The appellant was hired to represent Mr. Lota in civil proceedings arising out of his defrauding of Hibernia. Mr. Lota was facing a federal investigation which ultimately resulted in an indictment. It was certainly in the best interests of appellant’s client to return the funds.
For the foregoing reasons we affirm the decision of the trial court at appellant’s cost.
AFFIRMED.